Randall S. D. Jacobs
Randall S. D. Jacobs, PLLC
30 Wall Street, 8th Floor
New York, New York 10005-3817
Tel: (212) 709-8116
Fax: (973) 226-3301
rsdjacobs@chapter11esq.com
Attorney for Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x     Case No. 17-40104 (cec)
                              :
IN RE:                        :
                              :
     PRIME SIX, INC.,          :
                              :
          Debtor-in-Possession. :
                              :
------------------------------x

## PLAN FUNDING AGREEMENT BETWEEN THE DEBTOR AND SOLE STOCKHOLDER AKIVA OFSHTEIN

This plan funding agreement (the "Funding Agreement"), is entered into by and between the Debtor, Prime Six, Inc. and its sole stockholder Akiva Ofshtein, Esq. (the 'Sole Stockholder"), (collectively, the "Parties").

### RECITALS

**WHEREAS**, on January 11, 2017, the Debtor filed with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court" or"Court") a voluntary petition for relief under Title 11 of the United States Code (the "Chapter 11 Case").

**WHEREAS**, the Debtor's bar and restaurant business (the "Business") began operations in 2014 incurring substantial Secured Tax, Priority Tax and Unsecured tax debt as well as trade debt and rent arrearages to its Landlord as set forth on the Debtor's Schedules filed with the Court.

00040293.4

**WHEREAS**, the Debtor has fully performed a Settlement Agreement with its Landlord requiring it to pay all back rent and related charges amounting to at least $225,000 prior to the end of August, 2017.

**WHEREAS**, the Debtor's 2017 income was not sufficient by itself to pay all the back rent and related charges demanded by its Landlord aggregating approximately $225,000, had not such funds in excess of $100,000 been provided for it's use by the Sole Stockholder.

**WHEREAS**, after substantial discussion and negotiations, the Debtor has agreed to repay all its financial obligations over a period of 96 months to the Internal Revenue Service ("the 'IRS"), the New York State Department of Taxation and Finance (the "DOTF") and the City of New York ("NYC") together with a percentage of its debt to unsecured debt to its trade and other creditors, pursuant to the terms and conditions of its Seventh Amended Plan of Reorganization (as amended, the "Plan") as described in its related proposed Seventh Amended Disclosure Statement (as amended, the Disclosure Statement") filed February 13, 2018, pursuant to which the Debtor agreed to pay monthly payments to all creditors aggregating approximately $14,000.00

**WHEREAS**, in August, 2017, the Debtor filed a motion seeking entry of an order approving the Disclosure Statement with a hearing on the motion held and adjourned, including an extension of its time to confirm its Plan, until February 14, 2018

**WHEREAS**, on February 13, 2018, the United States Trustee filed an Objection to the Disclosure Statement stating, inter alia, that notwithstanding the Sole Stockholders stated agreement to provide such additional monthly funds as was necessary to pay the Plan Payments up to approximately $60,000 annually (1) the Court should not approve the Disclosure Statement because the Plan was not feasible because the Debtor's stated income *from its business*

*operations* was only approximately $10,000 and therefore approximately $4,000 insufficient monthly to maintain its proposed Plan payments of approximately $14,000;

**WHEREAS**, on February 13, 2018, the Debtor entered and filed into this Funding Agreement with its Sole Stockholder pursuant to which the Sole Stockholder agreed to fund any monthly shortage in Plan Payments up to a monthly amount of $7,500 up to an annual maximum of $90,000.

**WHEREAS**, all the United States Trustee's prior comments and concerns were resolved between counsel and no formal Objection in response to the Debtors' motion for an order approving and authorizing the Debtor's Disclosure Statement was filed prior to February 13, 2018 notwithstanding that each of the prior versions of the Plan provided disclosures of the same obligation by the Sole Stockholder to make up any shortage in income needed to complete monthly Plan Payments.

**WHEREAS**, the Plan Funding Agreement and the agreed terms of the Plan as described in the Disclosure Statement, are each critical Debtor's ability to complete the monthly Plan Payments.

**NOW THEREFORE**, in consideration of the mutual promises contained herein, it is hereby agreed as follows:

I. **DEFINITIONS**

Unless otherwise expressly provided herein, terms used in this Plan Funding Agreement shall have the meaning assigned to them in the Plan. In addition, terms defined in the recitals, above, shall have the meaning set forth in the Bankruptcy Code.

II. **JURISDICTION**

The Bankruptcy Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §§ 157, 1331, and 1334. To the extent that such consent may be necessary, each Party consents to the Court's entry of a final order approving this Funding Agreement.

III.  **PARTIES BOUND; SUCCESSION AND ASSIGNMENT**

    A.  This Plan Funding Agreement applies to, is binding upon, and shall inure to the benefit of the IRS, DOTF and all other creditors of the Debtor with Allowed Claims. This Plan Funding Agreement may not be assigned and shall not create any rights enforceable by any such purported assignees.

IV.  **FUNDING OBLIGATIONS. The Debtor shall use the funds provided by the Sole Stockholder on a monthly basis to pay any shortage in the monthly Plan Payment amount currently estimated to be approximately $14,000. In the event the Debtor is unable to fund the full monthly Plan Payment from its own funds, the shortage in monthly Plan Payments in any given month, the Sole Stockholder shall be responsible for advancing such additional funds as may be needed by the Debtor up to a maximum of $7,500 per month, or an annual limit of $90,000.**

    A.  The Sole Stockholder agrees that the Debtor has the right to enforce the Plan Funding Agreement in the event of any breach thereof by the Debtor, notwithstanding any action or inaction by any creditor; *provided*, however, that the Debtor shall give the Sole Stockholder notice and a reasonable period of time to cure any alleged breach prior to initiating such any action to enforce this Plan Funding Agreement

V.  **JUDICIAL APPROVAL AND CONDITION PRECEDENT**

    A.  This Funding Agreement is contingent upon the execution, judicial approval of the Disclosure Statement and Confirmation of the Plan

together with this Funding Agreement. This Funding Agreement shall be of no force or effect if the Disclosure Statement is not judicially approved and the Plan is not Confirmed, or otherwise does not go into effect, If for any reason (a) the Disclosure Statement and Plan are withdrawn this Plan Funding Agreement is not approved by the Bankruptcy Court: (i) this Plan Funding Agreement shall be null and void, and the Parties shall not be bound hereunder or under any documents executed in connection herewith; (ii) the Parties shall have no liability to one another arising out of or in connection with this Plan Funding Agreement or under any documents executed in connection herewith; and (iii) this Plan Funding Agreement and any documents prepared in connection herewith shall have no residual or probative effect.

VI. **INTEGRATION, AMENDMENTS, AND COUNTERPARTS**

    A.    This Plan Funding Agreement and any other documents to be executed in connection herewith or referred to herein shall constitute the sole and complete agreement of the Parties with respect to the matters addressed therein. In the event of any inconsistency between this Plan Funding Agreement and the court approved Disclosure Statement and Confirmed Plan the Plan Funding Agreement shall control.

    B.    This Plan Funding Agreement may be modified, amended or supplemented through a written document signed by the Parties without order of the Court, *provided* that no such modification, amendment or supplement may be made without order of the Court if it materially alters the terms of this Plan Funding Agreement.

    C.    This Plan Funding Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

    D.    Each of the Parties signing this Plan Funding Agreement represents and warrants that he has the authority to sign on behalf of the entity for which he has acted as signatory.

## VII. RETENTION OF JURISDICTION

    A.    The Court shall retain jurisdiction over the subject matter of this Plan Funding Agreement and the Parties for the duration of the performance of the terms and provisions of this hereof for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Funding Agreement or to effectuate or enforce compliance with its terms. All Parties consent to the exercise of such jurisdiction. Notwithstanding the foregoing, each Party reserves any right it may have to bring an action of the United States Bankruptcy Court for the Eastern District of New York for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Plan Funding Agreement or to effectuate or enforce compliance with its terms.

Dated: April 16, 2018
       Brooklyn, New York

**PRIME SIX, INC.**

_____
**Akiva Ofshtein, President**

**SOLE STOCKHOLDER**

_____
**Akiva Ofshtein, Individually**

00040293.4