Randall S. D. Jacobs
Randall S. D. Jacobs, PLLC
30 Wall Street, 8th Floor
New York, New York 10005-3817
Tel: (212) 709-8116
Fax: (973) 226-3301
rsdjacobs@chapter11esq.com
Attorney for Debtor
    and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    Case No. 17-40104 (cec)

IN RE:

    PRIME SIX, INC.,

            Debtor-in-Possession.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTOR'S RESPONSE TO LIMITED OBJECTION BY THE OFFICE OF THE U. S. TRUSTEE AND OBJECTION BY FANG REALTY**

Prime Six, Inc. (the "Debtor") in this chapter 11 case, makes the following responses to the Limited Objection filed by the U. S Trustee and the Objection filed by Fang Realty:

**As to the U. S. Trustee's Limited Objection**:

1.    In response to the U. S. Trustee's objection to the Plan Funding Agreement not having been executed, attached hereto as **Exhibit A** is a copy of the fully executed Plan Funding Agreement providing up to $7,500 per month in back up financing for the Debtor's Plan.

2.    Attached hereto as **Exhibit B** is a copy of the Debtor's Sole Shareholder's 2017 tax return from his law practice showing a net income of nearly $400,000 for the year. This income further demonstrates the Sole Shareholder's financial ability to support the Debtor's Plan in addition to his payment of more than $100,000 to the Landlord in 2017 for rent arrearage to enable the Debtor to assume its long term lease of the sole Premises at which it does business.

3. In addition, the Sole Shareholder is a "responsible person" for payment of the Debtor's unpaid taxes should the Debtor's Plan fail. Accordingly, he has a significant interest in seeing to it that the Debtor completes all its Plan Payments pursuant to the Plan.

4. As to the NYS Department of Labor priority claim, the Debtor accepts the U. S. Trustee's suggestion and agrees to so amend the Confirmation Order to reflect it as a Class 2 Claim receiving the same treatment as all Claimants in that Class.

5. As to the U. S. Trustee's point regarding the increased Secured and Priority Tax claims of the NYSDOTF, the Debtor is equally concerned about this increase. In fact, upon receipt of the Amended Proof of Claim by the NYSDOTF increasing its Secured and Priority Claim amounts, I contacted the NYSDOTF to inquire as to this increase. In fact, I was hard pressed to explain the response I received to the Debtor as I had never experienced this particular kind of increase before.

6. I understood that the amounts of NYSDOTF Claim stated in the Plan would be honored by the NYSDOTF upon condition that the Plan was Confirmed. Accordingly, if the Plan is Confirmed Wednesday, April 18, 2018 or thereafter, the NYSDOTF will file yet another amended Proof of Claim reducing the amounts to those stated in the Plan as previously agreed. If not, such dispute will have to be settled by an objection to the Amended Proof of Claim at issue.

7. Further, attached hereto as **Exhibit C**, is a copy of the Debtor's Ballot Report and Certification by counsel, evidencing that 100% of the voting Unsecured Creditors accepted the Plan.

8. Finally, as to payment of Professionals, should the Court approve the fee applications of the Professionals, Professionals have agreed to accommodate the Debtor by a variable monthly payment plan which will track the Debtor's profitable months: in the historically "higher profit" months of April, May June, July, August and September (or any

month where the Debtor earns profit in excess of $10,000 over and above Plan payments) the Debtor will pay a minimum of $7,000 per month plus 20% of the net profits earned, in the aggregate to its Professionals on a pro rata basis; in the slower months (October, November, December, January February and March[1]), the Debtor will pay a minium of $3,000, also on a *pro rata basis*. With this kind of growing income backed up by the Sole Shareholder's demonstrated financial support, the Debtor believes that its Plan is eminently feasible.

**As to the Objection of Fang Realty**:

9. The Landlord's similar objection regarding the execution of the Plan Funding Agreement is moot as explained above.

10. Likewise, the Landlord's objection regarding the NYSDOTF's increased Secured and Priority Claim should resolve itself upon Confirmation or by the Debtor's Objection thereto as explained above.

11. Finally, Fang raises the same bogus claim it previously raised about the rent not being paid on time. This is the same, baseless assertion that rent paid after the stated due date, *but otherwise in accordance with the Lease terms with late fees*, is somehow nevertheless a breach of the Lease. A tenant cannot breach a Lease if it performs according to its terms; not just one term but all of the material terms. This is the same nonsense that the Court ignore the last time the Landlord raised it.

12. As a result of the forgoing, the Debtor respectfully requests that the Court deny these objections and Confirm the Debtor's Seventh Amended Plan as both feasible and as agreed with the U. S. Trustee with respect to the terms of the Confirmation Order to be submitted.

Dated: April 16, 2018
    New York, New York

*Randall S. D. Jacobs*
    Randall S. D. Jacobs

---

[1] I note that during the normally slow month of March 2018, the Debtor's MOR shows it made a profit in excess of $100,000.00

00040619.1